# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**42**

**CA 14-01272**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

MELISSA A. TRACY, PLAINTIFF-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

DAVID CHRISTA CONSTRUCTION, INC., LECHASE
CONSTRUCTION SERVICES, LLC, DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

---

HISCOCK & BARCLAY LLP, ROCHESTER (MARK T. WHITFORD, JR., OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

HIRSCH & TUBIOLO, P.C., ROCHESTER (BRYAN S. KORNFIELD OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Ann
Marie Taddeo, J.), entered September 26, 2013.  The order denied the
motion of defendants David Christa Construction, Inc. and LeChase
Construction Services, LLC, for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, defendants-appellants'
motion is granted and the complaint against defendants-appellants is
dismissed.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries that she allegedly sustained when she slipped and fell at the
Greater Rochester International Airport.  Defendant David Christa
Construction, Inc. (Christa) was the construction manager for a
construction project at the airport, and defendant LeChase
Construction Services, LLC (LeChase) was the general contractor for
the project.  Defendants-appellants (defendants) moved for summary
judgment dismissing the complaint against them contending, inter alia,
that they did not owe plaintiff a duty of care.  We conclude that
Supreme Court erred in denying the motion.  As a preliminary matter,
we note that, during the pendency of this appeal, plaintiff withdrew
her contention that the deposition testimony excerpts submitted by
defendants in support of their motion were not in admissible form, and
we therefore do not address that contention.  We conclude that
defendants met their initial burden of establishing that they owed no
duty of care to plaintiff who, at the time of her accident, was merely
a third-party passerby with no relationship of privity with defendants
(*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  In
opposition, plaintiff failed to establish that any of the exceptions
set forth in *Espinal v Melville Snow Contrs.* (98 NY2d 136, 140)

applies (*see generally id.; Sniatecki v Violet Realty*, 98 AD3d 1316, 1320-1321).

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court